IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FELIX L. SORKIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:08-cv-133 |
| | § | |
| UNIVERSAL BUILDING PRODUCTS INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Felix L. Sorkin ("Sorkin" or "Plaintiff") files this Original Complaint for declaratory judgment and patent infringement of United States Patent No. 7,237,367 (the " '367 patent" against Universal Building Products, Inc. ("Universal" or "Defendant") and for cause of action states as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment and patent infringement in violation of Title 35 of the United States Code. Sorkin seeks damages and a permanent injunction to prevent the making, using, offering for sale, or selling of the infringing products.

## JURISDICTION AND VENUE

2. This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 101, *et seq*. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331, 1332, and 1338(a).

3. Upon information and belief, Defendant is subject to personal jurisdiction in this district because Defendant conducts business in this judicial district and makes, offers to sell, has

sold and/or continues to sell infringing products which infringe Plaintiff's '367 patent in this judicial district.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**PARTIES**

5. Mr. Sorkin is an individual and a resident of the State of Texas with his principal place of business located at 13022 Trinity Drive, Stafford, Texas 77477.

6. Under information and belief, Defendant is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 840 South Avenue, Bellwood, Illinois 60104, and Defendant does business in the Eastern District of Texas. Service of process may be properly effectuated by serving of process to Defendant's Registered Agent, The Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington Delaware 19808.

**FACTS**

7. Sorkin is the named inventor and owner of United States Patent No. 7,237,367, entitled "Construction Chair For Use With Tilt Wall Construction."  A true and correct copy of the '367 patent is attached hereto as Exhibit "A," which is hereby incorporated by reference.  The '367 patent matured from U.S. Application No. 10/688,184, filed on October 20, 2003.

8. The '367 patent was duly and lawfully issued by the United States Patent and Trademark Office on July 3, 2007.

9. The '367 patent relates generally to chairs and spacers that are used in post-tension construction, which is a method for providing reinforcing support on concrete structures. In post-tension construction, high tensile strength cables, rebars or mesh are positioned and used

in conjunction with concrete and this combination provides enhanced strength of concrete. The '367 patent relates to chairs of plastic construction ("construction chairs") that are used to support the post-tension cables, rebar or mesh, often times in poured decks and precast work. The construction chairs taught in the '367 patent are used for tilt wall construction.

10. On information and belief, Defendant is buying, manufacturing, using, selling, and/or distributing construction chairs that are covered by the '367 patent in the Eastern District of Texas and throughout the United States. Sorkin has granted no license, permission, or other agreement whereby Defendant may use his patented technology. Defendant's conduct is an infringement of Sorkin's patent rights under the laws of the United States.

11. On information and belief, Defendant's acts of infringement are continuing and ongoing.

12. On information and belief, Defendant is aware Sorkin's construction chairs are patented and are nonetheless knowingly and willingly infringing Sorkin's patent.

13. On information and belief, Defendant is profiting from the sale of the infringing construction chairs.

14. Sorkin is entitled to damages no less than a reasonable royalty on the infringing construction chairs and seeks no less than said reasonable royalty for sales of the infringing construction chairs.

## COUNT ONE
### Infringement of U.S. Patent No. 7,237,367

15. Sorkin realleges and hereby incorporates by reference paragraphs 1-14 as though fully set forth herein.

16. Sorkin is informed and believes that Defendant has infringed the '367 patent

under 35 U.S.C. § 271.  Defendant is infringing the '367 patent by making, using, offering for sale, selling, causing to be sold products which fall within the scope of one or more claims of the '367 patent.

17. Sorkin has suffered damages and will continue to suffer damages as a result of Defendant's infringement.  Consequently, Sorkin is entitled to recover damages in compensation equal to at least a reasonable royalty.

18. Defendant's infringement has been and continues to be willful.

19. Defendant's infringement has caused irreparable injury to Sorkin and will continue to cause said irreparable injury unless Defendant's infringement is enjoined by this Court.

## COUNT TWO
### Action for Accounting of Sales and Profits

20. Sorkin realleges and hereby incorporates by reference paragraphs 1-19 as though fully set forth herein.

21. Sorkin seeks an accounting of Defendant's sales and profits generated in connection with the sale of the infringing products.

## COUNT THREE
### Declaratory Judgment

22. Sorkin realleges and hereby incorporates by reference paragraphs 1-21 as though fully set forth herein.

23. Sorkin seeks a declaration from this Court that the aforementioned conduct of Defendant infringes Sorkin's patent.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Sorkin hereby demands a

trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Sorkin prays for a judgment from this Court as follows:

(a) Declaring that Defendant, by its conduct in making, selling, using, advertising, offering for sale, and/or distributing, has infringed one or more of the claims of United States Patent No. 7,237,367;

(b) Permanently enjoining and prohibiting Defendant and its agents, employees, representatives, affiliates, parent companies, subsidiaries or otherwise related entity from making, using, selling, advertising, offering for sale or selling the infringing products;

(c) Requiring Defendant to account and pay an award of actual damages, but no less than a reasonable royalty, to Sorkin for infringing the '367 patent;

(d) Requiring Defendant to pay Sorkin's reasonable attorneys' fees, together with all costs of this lawsuit;

(e) Requiring Defendant to pay exemplary and/or treble damages as a result of Defendant's knowing, willful and intentional conduct;

(f) Requiring Defendant to pay prejudgment and post judgment interest at the maximum rate permitted by law; and

(g) Awarding Sorkin any further relief that this Court determines is just and equitable.

Dated:  March 12, 2008                              Respectfully submitted,


                                                        /s/John S. Egbert
John S. Egbert
Texas Bar No. 06479550
Paul S. Beik
Texas Bar No. 24054444

Egbert Law Offices, PLLC
412 Main Street, 7th Floor
Houston, Texas  77002
Telephone: (713) 224-8080
Facsimile:  (713) 223-4873
Email: mail@egbertlawoffices.com
Email: pbeik@egbertlawoffices.com

Attorneys for Plaintiff
Felix L. Sorkin