IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FELIX L. SORKIN, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:08-cv-133 |
| UNIVERSAL BUILDING PRODUCTS INC., | § § § | |
| Defendant. | § | |

## DECLARATION OF FELIX L. SORKIN

FELIX L. SORKIN declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following is true and correct:

1. My name is Felix Sorkin and I am the plaintiff in the above-referenced civil action. I have personal knowledge of the facts contained in this affidavit, which I make in support of my response to defendant Universal Building Products, Inc.'s Motion for an Award of Attorneys' Fees Pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 11. I am in all ways competent to make this affidavit.

2. I am the President and founder of General Technologies, Inc. ("GTI"). GTI is a Texas corporation with a principal place of business located near Houston, Texas. Since 1992, GTI has designed and manufactured unbonded post-tensioning systems, bonded post-tensioning systems, concrete accessories, and related equipment. I have well over 20 years in the concrete industry, focusing on post-tension systems. Throughout my career, I have been

1

granted seventy-nine U.S. utility and design patents relating to concrete and concrete accessories, as well as other patents worldwide. GTI's products are used in large-scale construction project throughout the United States and worldwide.

3. I am the owner of U.S. Patent No. 7,237,367 (the "367 patent"), which pertains to construction chairs used in tilt wall construction. The application for the '367 patent was filed on October 20, 2003 and the patent issued on July 3, 2007. The '367 patent issued with twelve claims, including Independent Claims 1, 9 and 11.

4. In 2007, I learned that UBP was offering construction chair products that I believed were covered by U.S. Patent No. 7,237,367. I inspected two (2) physical samples of UBP's construction chair products and this confirmed my belief that these products fell within the scope of the '367 Patent. I compared the physical products to the required elements listed in the claims of the '367 Patent and believed that the UBP construction chair products included each required element. At that time, upon information and belief, it appeared that the accused products were composed of a nylon material. I was informed that those products were available in multiple materials and one of the available materials was nylon. I was also informed that UBP would manufacture large orders upon customer specifications and one specification was that the products be constructed of a nylon material. Around January 2008, I instructed my patent counsel (of over twenty (20) years), John S. Egbert, to travel to the World of Concrete Exhibition in Las Vegas, Nevada to inspect the products of UBP, which was advertizing and promoting their products, including construction chairs, at the World of Concrete Exhibition. There were samples of the construction products available at the UBP booth at the Exhibition in Las Vegas. Upon my instruction, John Egbert attended the World of Concrete Exhibition and inspected the

products displayed at the UBP booth. Subsequent to the show and prior to filing this lawsuit, I provided samples of two (2) UBP construction chairs to John S. Egbert and requested that an infringement analysis be conducted. John S. Egbert inspected the two (2) UBP construction chairs and compared those chairs to the claims of the '367 Patent. He also reviewed the file history of the '367 Patent and concluded that the two (2) UBP construction chairs included, upon a proper claim construction, the required elements of the '367 Patent. Prior to filing suit alleging infringement of the accused UBP construction chairs, I received an infringement opinion that, under multiple, potential claim constructions of the terms of the '367 Patent, concluded that said chairs infringed upon the '367 Patent. On that infringement opinion of the UBP construction chair products, I instructed my counsel for file suit alleging patent infringement of the '367 Patent. I took all necessary, reasonable and required steps prior to filing the present patent infringement lawsuit.

5. I filed the present lawsuit because I had a subjective good faith belief that the accused UBP construction chairs infringed upon my patent rights in the '367 Patent. I received an infringement opinion that confirmed that, under multiple theories, the accused UBP construction chair products fell within the scope of the claims of the '367 Patent and therefore infringed upon my patent rights in the '367 Patent. I relied upon the infringement opinion of my experienced and competent patent counsel. Upon that good faith belief, I instructed counsel to file suit against UBP and to allege that the UBP construction chair products infringed upon the '367 Patent. I filed the case based upon a good faith belief that UBP was engaging in infringement of my patent rights, and I did not file the lawsuit for any improper purpose.

3

6. I did not engage in any litigation misconduct in this litigation. Over the course of the litigation I complied with all Court orders. I have not been sanctioned by this or any other Court. I compiled with the Local and Patent of the Eastern District of Texas. I complied with all requirements of this Court and all requests of opposing counsel. I approved and agreed to extensions of time to opposing counsel upon request. At all times, I took good faith positions with respect to infringement contentions and provided legal and factual basis for those good faith and reasonable infringement theories and positions. I provided claim charts that detailed how the accused products infringed and identified where each of the required elements were located in the accused products. Upon advise of my competent patent counsel, I did not assert each of the multiple and reasonable theories of infringement, such as infringement under the Doctrine of Equivalents, although there were valid theories of infringement. I filed suit based upon a good faith belief, and opinion of counsel, that the accused products infringed upon the asserted claims of the '367 Patent.

7. I did not instruct counsel to engage in any overly burdensome or unnecessary discovery. I instructed counsel to manage the litigation in a cost effective and efficient manner. My counsel did not engage in any necessary discovery, including subpoenas to customers or unnecessary depositions. Upon my instruction, this case was managed in a highly efficient manner with an eye toward efficient and economical management of the litigation. I filed and pursued this case to defend my patent rights and to eliminate the infringement of UBP and not for any other improper purpose.

8. I did not take any unreasonable or frivolous positions in this litigation. At all times, I pursued this case in good faith with an eye toward eliminating UBP's infringement of my

4

patent rights. At no time did I interfere with customers or potential customers. I did not engage in any litigation misconduct whatsoever.

9. In support of my Response to UBP's motion for summary judgment I provided an affidavit. In the affidavit, I provided the background of the patent-in-suit and identified the accused products of UBP. I provided a detailed analysis of my good faith case for infringement against the UBP products. I identified in each of the accused products where each of the required elements, as construed by this Court, were located. I attached my infringement contentions and claim charts to the affidavit. I submitted factual and legal support for my infringement case against UBP.

10. There was an objectively reasonable basis for my claim of infringement against the accused UBP products. I also filed and pursued this case in good faith, upon the opinion of competent patent counsel, and the case was not filed or pursued for any improper purpose.

_____
Felix L. Sorkin

Subscribed and sworn to before me this __th day of December, 2009

_____
Notary Public
State of Texas



GLADYS SAENZ
MY COMMISSION EXPIRES
April 27, 2012

5