IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FELIX L. SORKIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:08-cv-133 |
| | § | |
| UNIVERSAL BUILDING PRODUCTS, INC., | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF JOHN S. EGBERT

I, John S. Egbert, declare under the penalty of perjury, that the following statements are true and correct and of my personal knowledge.

1. I was first licensed to practice law in Texas in 1982. I have been and currently am an attorney licenced to practice before the United States Patent and Trademark Office, the United States Courts for the Southern, Eastern, Western and Northern Districts of Texas, the United States Court of Appeals for the Federal Circuit, the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court.

2. I am the founder and managing partner of Egbert Law Offices, PLLC. Egbert Law Offices practices exclusively in patent, trademark, copyright, trade dress and other technology related matters. I am an intellectual property attorney who has litigated patent infringement cases involving numerous areas of technology. For over 20 years, I have prosecuted patents before the United States Patent and Trademark Office. I have been retained to represent multiple clients in appeals of patent infringement cases and have argued those cases before the United States Court of Appeals for the Federal Circuit.

3. I am the lead counsel of record for Felix L. Sorkin in the present lawsuit against

Universal Building Products, Inc. ("UBP"). For the reasons set forth in the brief filed by Felix L. Sorkin, and the other pleadings submitted in this case, there is, in my opinion, no exceptional conduct that justifies any fee shifting in this case and there was no violation of Rule 11. This is not an exceptional case under 35 U.S.C. § 285.

4. The present case was not "objectively baseless." In my opinion, a clear and reasonable basis for a claim of infringement existed and competent reasonable attorneys could have construed the claims of the '367 Patent to argue that UBP's accused products infringe that patent.

5. There was no violation of Rule 11. I conducted a reasonable and customary inquiring into the allegation of infringement prior to filing suit. I investigated whether a claim of infringement was well grounded in fact and whether it was warranted by existing law. This case was not filed for the purpose of delay, harassment, or increasing costs of litigation. Prior to filing suit, around January of 2008, I was instructed by my client to attend the World of Concrete Exhibition in Las Vegas, Nevada. My client informed me that I should inspect the products at the UBP booth at the trade show. I found the products reassembling the products-in-suit prominently displayed at the UBP booth. The products appeared to be manufactured of a nylon material. Prior to filing suit, Sorkin was informed that UBP made the accused products available in multiple materials, including a nylon material. Subsequent to the World of Concrete Exhibition, and prior to filing, I was provided with samples of the UBP products. Two types of the physical product were inspected and analyzed for infringement that appeared to be available at the at time. One of the products had a triangular-shaped pin member with a point at the end. The other had an arrow-head shape with a sharp blade edge.

6. Prior to filing Sorkin's patent infringement case, I conducted an investigation into

whether UBP's construction chair products infringe the claims of the '367 Patent. I inspected and conducted an infringement analysis of the two (2) UBP construction chairs, which formed the basis of the Complaint. I reviewed the file history of the '367 Patent. I inspected the UBP construction chair products and concluded that UBP's accused products that formed the basis of the complaint infringe one or more of the claims of the '367 Patent prior to filing suit. Subsequent to the initial filing, UBP identified multiple sizes of the construction chair products. When the additional sizes were disclosed, I conducted an infringement analysis of those additional sizes. I concluded that most, but not all, of the additional sizes also infringed one or more claims of the '367 Patent. Sorkin did not assert infringement against those sizes that we concluded did not infringe the '367 Patent.

7. I have reviewed the bills submitted by UBP and the amount of fees allegedly sustained by UBP in this action are unreasonable and excessive. By UBP's admission, this case was handled in an efficient and economical manner. *See* Dkt 48, p. 14 ¶ 1. The amount of fees allegedly sustained by UBP are simply unreasonable considering the amount in controversy, complexity of the technology involved in this case and the amount of discovery that was conducted.

8. This Court may only award an amount of fees commensurate with the actual conduct that informs any finding of exceptional conduct under § 285. I respectfully submits that there is no conduct that supports a finding of an exceptional case or a violation of Rule 11. There is no proper basis to shift any attorneys fees to Sorkin, and UBP's motion should be denied in its entirety.

_____
John S. Egbert

Date: December 14, 2009